## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY _____ AP _____
Deputy Clerk

**Jan 4, 2017**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 04, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  15-15634-GG
Case Style: Armando Jessurum Medrano v. The Investment Emporium LLC, et al
District Court Docket No: 1:14-cv-24314-MGC

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit
_____

No. 15-15634
_____

District Court Docket No.
1:14-cv-24314-MGC

ARMANDO LUIS JESSURUM MEDRANO,

Plaintiff - Appellant,

versus

THE INVESTMENT EMPORIUM LLC,
d.b.a. Jaiba Cabinets,
ANTONIO PENA,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: December 06, 2016
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15634
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24314-MGC


ARMANDO LUIS JESSURUM MEDRANO,

Plaintiff - Appellant,

versus

THE INVESTMENT EMPORIUM LLC,
d.b.a. Jaiba Cabinets,
ANTONIO PENA,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 6, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Armando Luis Jessurum Medrano appeals the district court's entry of judgment as a matter of law in favor of the Investment Emporium and Antonio Pena on his overtime claim under the Fair Labor Standards Act, 29 U.S.C. § 207(a). He argues that the defendants' Rule 50 motion was granted in error because he produced sufficient evidence to support his claim for unpaid overtime. He also argues that the district court erred in excluding certain pieces of evidence. Upon review of the record and consideration of the parties' briefs, we affirm the district court's evidentiary rulings, reverse the district court's judgment as a matter of law, and remand for further proceedings.

## I

Mr. Medrano worked for the Investment Emporium (doing business as Jaiba Cabinets) for approximately fourteen years. Jaiba Cabinets built and sold cabinets and had a workforce of between four and five employees.

Mr. Pena, the owner of the company, paid his employees biweekly. He utilized a punch card system, where employees would "punch in" at the beginning of their shifts and "punch out" at the end. Before paying each employee, Mr. Pena would show the employee their time card and have the employee sign off that the amount of money being paid was correct. At Mr. Medrano's request, Mr. Pena paid his wages in cash. On several occasions, Mr. Medrano sent his wife to pick up his earnings. When she did so, Mr. Medrano did not sign the time card.

Toward the end of Mr. Medrano's tenure with Jaiba Cabinets, Mr. Pena noticed a sharp drop in Mr. Medrano's productivity and ultimately terminated his employment in October of 2014. Subsequent to his termination, Mr. Medrano brought this action against Mr. Pena and Jaiba Cabinets under the Fair Labor Standards Act, 29 U.S.C. § 207(a), for unpaid overtime wages. This lawsuit was the first time Mr. Medrano informed Mr. Pena of his alleged failure to compensate him for overtime.

Mr. Medrano claimed that throughout the relevant 151-week period, he had routinely worked between 50 and 52 hours per week—which often included between six and eight hours on Saturdays—and had not been properly compensated for the overtime work. He asserted that he was owed between $12,000 and $14,000 in unpaid overtime. The case proceeded to trial, and Mr. Medrano called five witnesses—including Mr. Pena—in his case-in-chief.

During Mr. Pena's testimony, a number of biweekly time cards containing Mr. Medrano's signature were entered into evidence. Only copies of these time cards were available, as Mr. Pena testified that he lost the originals inside a briefcase that "disappeared" at a valet or a car wash. D.E. 80 at 6.

The time cards included handwritten notations of the hours Mr. Medrano had worked and his hourly rate, as well as notations indicating time-and-a-half pay for overtime on thirty of those cards. There were also notations on certain cards

denoting how much money had been deducted from that pay period toward an interest-free loan that Mr. Pena had given to Mr. Medrano.

Thirty weeks' worth of time cards were missing from the records. Mr. Pena testified that these were weeks Mr. Medrano did not work; Mr. Medrano, on the other hand, testified that he indeed worked those weeks. Mr. Medrano also testified that, although the mechanical time stamps on the cards were correct, the handwritten notations calculating overtime amounts on some of the cards had not been there when he originally signed them and he had not been paid the overtime reflected in those notations. *See* D.E. 80 at 29–30. When questioned on cross-examination, Mr. Medrano conceded that the handwritten notations were there when he signed the time cards, but insisted that on certain cards, the notations had been altered to incorrectly reflect that he was paid overtime. *See id.* at 59–60.

Mr. Medrano also testified that, throughout the relevant time period, he worked approximately three Saturdays a month for six to eight hours each Saturday. *See* D.E. 80 at 32–33. Only 31 time cards (accounting for 62 weeks) over the relevant 151-week period reflected work on Saturdays.[1]

According to Mr. Medrano, Mr. Pena often instructed him not to "punch in" on Saturday and would later pay him $100 cash for that work. *See id.* at 33. He

---

[1] Three witnesses called by Mr. Medrano testified that Mr. Medrano sometimes left his home on Saturdays to work, but did not specify which Saturdays Mr. Medrano worked or for how many hours.

further testified that on those Saturdays, Mr. Pena never paid him time-and-a-half overtime pay in addition to the $100 cash. *See id.* at 34. In contrast, Mr. Pena testified that Mr. Medrano never worked on Saturdays without being "punched in" on the time cards. *See* D.E. 79 at 52.

At the close of Mr. Medrano's evidence, Mr. Pena and Jaiba Cabinets moved for, and were granted, judgment as a matter of law.

## II

Mr. Medrano first attacks the district court's grant of the Rule 50 motion. He argues that he presented sufficient evidence for a jury to find that he was not properly compensated for the overtime he worked from November of 2011 through October of 2014. He asserts that, in granting the motion, the district court improperly weighed the evidence and made credibility determinations.

We review a district court's grant of a judgment as a matter of law *de novo*. *See Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 656 (11th Cir. 1998). In doing so, we apply the same standard as the district court, meaning we consider all the evidence in the light most favorable to Mr. Medrano and grant him the benefit of all reasonable inferences. *See id. See also* Fed. R. Civ. P. 50(a)(1). "Judgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not

arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001).

"Under the FLSA, an employer may not employ his employee for a workweek longer than forty hours unless his employee receives overtime compensation at a rate not less than one and a half times his regular rate." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007) (citing 29 U.S.C. § 207(a)(1)). In order to prevail on a claim of uncompensated overtime, Mr. Medrano was required to show that (1) he worked overtime without compensation and (2) Jaiba Cabinets and Mr. Pena knew or should have known about the overtime work. *See id.*

Although an employee bears the initial burden of proving that he worked overtime without compensation, "[t]he remedial nature of [the FLSA] and the great public policy which it embodies . . . militate against making that burden an impossible hurdle[.]" *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Indeed, "[i]t is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment." *Allen*, 495 F.3d at 1315. In situations where an employer has failed to keep proper and accurate records and an employee cannot offer convincing substitutes, the employee "has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the

amount and extent of that work as a matter of just and reasonable inference."
*Anderson*, 328 U.S. at 687. *See also Lamonica v. Safe Hurricane Shutters, Inc.*,
711 F.3d 1299, 1315 (11th Cir. 2013) (describing an FLSA plaintiff's burden as
"relaxed" if an employer has failed to keep adequate time records). The burden
then shifts to the employer, who "must bring forth either evidence of the precise
amount of work performed or evidence to negate the reasonableness of the
inference to be drawn from the employee's evidence." *Allen*, 495 F.3d at 1316
(citing *Anderson*, 328 U.S. at 687–88). "If the employer fails to produce such
evidence, the court may then award damages to the employee, even though the
result be only approximate." *Id.* (quoting *Anderson*, 328 U.S. at 688).

The Eleventh Circuit Pattern Jury Instructions echo the *Anderson* standard.
If the jury finds that the employer failed to keep adequate time and pay records, an
FLSA plaintiff may "recover a reasonable estimation of the amount of [his]
damages" if he has proven by a preponderance of the evidence "a reasonable
estimation of the amount and extent of the work for which [he] seeks pay."
Eleventh Circuit Civil Pattern Jury Instructions, Instruction No. 4.14 (2013). Mr.
Medrano argues that his employer failed to keep adequate records and he was
therefore entitled to this lessened burden.

In considering the Rule 50 motion, the district court concluded that Mr.
Medrano had failed to demonstrate that his employer's records were somehow

tampered with or incomplete. The district court, however, disregarded several significant evidentiary conflicts regarding missing employment records, including Mr. Medrano's and Mr. Pena's dueling testimony about whether Mr. Medrano had worked during the 30 weeks missing from the time card records and whether Mr. Medrano had worked on more Saturdays than those reflected in the time cards. The district court also discounted Mr. Medrano's testimony that the time sheets had been altered, instead concluding that Mr. Pena's notations and Mr. Medrano's signature on the time cards were made contemporaneously with the record. In determining that the employment records were adequate, the district court improperly weighed evidence, made credibility determinations, and resolved factual disputes that should have been left to the jury.[2]

In light of the gaps in the employment records, possible alterations to the time cards, and Mr. Medrano's testimony regarding Mr. Pena's instructions to not punch in on Saturdays, a jury could have determined that the employment records were not proper and accurate for at least some of the contested periods of time. *See*

---

[2] Some of the witnesses testified that they had observed Mr. Medrano at work on Saturdays, but the district court found this testimony irrelevant because Mr. Pena never denied that Mr. Medrano worked some Saturdays. The district court also concluded that the testimony of two of Mr. Medrano's witnesses—Steven Rodriguez and Jose Cardenas—was so highly contradictory that no reasonable jury could find those witnesses credible. Mr. Rodriguez, Mr. Medrano's stepson, testified that he often slept over at Mr. Medrano's house on the weekends and witnessed Mr. Medrano leave the house to go to work for almost the entire day on many Saturdays. *See* D.E. 80 at 90–94. Mr. Cardenas, who rented a room in Mr. Medrano's apartment, said Mr. Rodriguez never slept over at the apartment. *See* D.E. 77 at 18–19. We need not address the testimony of Messrs. Rodriguez and Cardenas.

*Allen*, 495 F.3d at 1316 (testimony that employees were told not to record overtime hours and that time sheets reflecting overtime were torn up or whited out, if true, indicated that the employer's records could not be trusted and that, as a result, the employees carried a lesser burden under *Anderson*).

If the jury were to find that Jaiba Cabinets and Mr. Pena had failed to keep adequate records for a period of time, Mr. Medrano would need only show the amount and extent of his work for that period "as a matter of just and reasonable inference." *See Lamonica*, 711 F.3d at 1315. *See also Anderson*, 328 U.S. at 687. Under this relaxed burden, and viewing the record in the light most favorable to Mr. Medrano, there was sufficient evidence to allow a jury to make a reasonable estimate of the hours he actually worked in each week of the relevant period of time.

If a jury were to credit Mr. Medrano's evidence, it could find that Jaiba Cabinets and Mr. Pena failed to properly compensate him for overtime hours worked during certain periods of time not reflected in the time records. Although Mr. Medrano did not provide documentation or a specific recitation of his hours worked, he testified that, over the relevant period, he worked approximately three Saturdays a month. He also testified that he worked during the 30 weeks for which time cards were missing and that certain time cards had been altered to reflect overtime compensation he had not received. Factoring in the Saturdays he alleges

9

to have worked without "punching in" and for which he was not paid overtime compensation, Mr. Medrano asserted that he worked approximately 50 to 52—but perhaps up to 55—hours per week over a number of weeks. *See Lamonica*, 711 F.3d at 1315 (concluding that employees, under a relaxed burden, had presented sufficient testimony regarding the hours they regularly worked "to allow the jury to approximate the hours they actually worked in each week for which they sought to recover unpaid wages" so as to survive a Rule 50 motion); *Allen*, 495 F.3d at 1316–17 (denying summary judgment where employer contributed to employees' lack of documentation and employees produced sufficient evidence to show amount and extent of work through their own testimony and testimony of other employers and family members).

Appropriately applying this standard to the facts, Mr. Medrano presented sufficient evidence at trial to survive a Rule 50 motion. Accordingly, we reverse the district court's grant of judgment as a matter of law and remand for a new trial.

## III

Mr. Medrano also appeals the district court's *in limine* orders excluding evidence of previous suits against Jaiba Cabinets and testimony that Mr. Pena had previously stated that he does not pay for overtime. Mr. Pena and Jaiba Cabinets argue that the *in limine* rulings are outside the scope of the notice of appeal and that we lack jurisdiction to consider them.

10

A notice of appeal requires that the appellant "designate the judgment, order, or part thereof being appealed." Fed. R. App 3(c)(1)(B). Mr. Medrano's notice of appeal stated that he was "appealing a judgment [D.E. 66] dated 11/24/15, which was entered pursuant to the Court's granting of Defendant's Rule 50 motion at trial." D.E. 68. The appeal from a final judgment, however, "draws in question all prior non-final orders and rulings that produced the judgment." *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014) (quoting *Barfield v. Brierton,* 883 F.2d 923, 930 (11th Cir. 1989)). *See also Bogle v. Orange Cty. Bd. of Cty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) ("[N]otices of appeal are to be given expansive rather than hypertechnical construction."); *Aaro, Inc. v. Daewoo Int'l (Am.) Corp.*, 755 F.2d 1398, 1400 (11th Cir. 1985) (holding that because an interlocutory order was not appealable as of right, the order merged into the final judgment and was open to review on appeal from that judgment). We have jurisdiction, and will consider the district court's *in limine* rulings because there will be a new trial.

Mr. Medrano first argues that the district court erred by disallowing evidence that Jaiba Cabinets was previously sued for overtime violations. Mr. Medrano mentions this issue in only one sentence of his initial brief and presents no argument or citation to authority. Because this is a conclusory argument devoid of any reasoning, we deem it abandoned and do not address it. *See* Fed. R. App. P.

28(a)(5). *See also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("If an argument is not fully briefed . . . to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it.").

Mr. Medrano next argues that the district court erred in excluding proposed testimony from Mr. Rodriguez explaining that, while he briefly worked for Jaiba Cabinets, Mr. Pena told him that he does not pay overtime. Mr. Medrano himself testified during his deposition that Mr. Rodriguez worked briefly for Jaiba Cabinets "about ten years ago." *See* D.E. 80 at 81. The district court excluded the testimony, noting that the alleged conversation occurred outside the relevant time period at issue in this case.

Because the issue of remoteness is highly fact-specific, we have generally "refrained from adopting a bright-line rule with respect to temporal proximity." *United States v. Matthews*, 431 F.3d 1296, 1311–12 (11th Cir. 2005). An appellant therefore "bears a heavy burden in demonstrating an abuse of the court's 'broad discretion in determining if an extrinsic offense is too remote to be probative.'" *Id.* (quoting *United States v. Pollock,* 926 F.2d 1044, 1047 (11th Cir. 1991)). Mr. Medrano argues that Mr. Rodriguez' testimony is relevant—indeed crucial—to the issues of good faith and willfulness, but fails to address the district court's

concerns with regard to the ten-year temporal gap. We cannot say that Mr. Medrano has met the heavy burden of demonstrating abuse of discretion, and therefore decline to upset the district court's *in limine* ruling that the conversation falls outside the time period relevant to this case.

## IV

We affirm the district court's evidentiary rulings, reverse the district court's entry of judgment as a matter of law in favor of Mr. Pena and Jaiba Cabinets, and remand for a new trial.

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 06, 2016

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 15-15634-GG
Case Style: Armando Jessurum Medrano v. The Investment Emporium LLC, et al
District Court Docket No: 1:14-cv-24314-MGC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, each party to bear own costs.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs